SANTIAGO, DEMANDANTE Y APELADO, *v.* CLEMENTE ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de dinero.

No. 2803.—Resuelto en marzo 5, 1923.

CAUSA DE ACCIÓN—ALEGACIONES—ELIMINACIÓN DE ALEGACIONES.—Como las alegaciones de la demanda han de admitirse como ciertas a los efectos de una excepción de falta de hechos suficientes, una parte no puede en apelación

eliminar determinadas alegaciones de la demanda so pretexto de que constituyen alegaciones de derecho para deducir que la demanda es insuficiente, pues la eliminación de alegaciones debe suscitarse en la corte inferior.

OBLIGACIÓN EXIGIBLE POR INCUMPLIMIENTO DE LA CONDICIÓN.—En una obligación a plazos los deudores podían reducir el montante estipulado de los plazos, a condición de que justificaran tener en todo momento en su posesión cantidad suficiente para responder del resto insoluto de la mercancía objeto de su negocio, que dieran en garantía al acreedor. Probado que los deudores descontinuaron el pago de plazos y que nunca justificaron estar en posesión de la mercancía en cantidad suficiente para responder del remanente de' la deuda, cuya prueba incumbía a ellos y no al acreedor, es preciso concluir que la obligación' estaba vencida y era exigible.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. E. H. F. Dottin.*

Abogados del apelado: *Sres. J. Martínez Dávila, E. Campillo y M. Tous Soto.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un pleito en cobro de cierta cantidad de dinero.

Los demandados suscribieron a favor del demandante una obligación, que en lo pertinente, dice lo siguiente:

"Por $1,700.—Debemos y pagaremos a don Angel Santiago o a su orden la suma de mil setecientos dollars en la forma y con las condiciones que se expresan a continuación:

"Las condiciones del pago son: Pagaremos todos los lunes, de ocho en ocho días, empezando el Lunes día veintiuno de marzo de mil novecientos veintiuno, a nuestro acreedor Don Angel Santiago la suma de cien dollars ($100.00) moneda corriente americana, hasta dejar extinguida la deuda totalmente. Si por cualquier circunstancia no pudiésemos pagar la suma total de cien dollars de cualquier plazo, entonces abonaremos a nuestro acreedor la cantidad que podamos siempre que justifiquemos con la posesión de mercancías en cantidad suficiente para responder de la parte del plazo adeudado más el remanente de la deuda, y debemos tener a la inspección de nuestro acreedor las citadas mercancías.

"Nos comprometemos a pagar las costas, gastos y honorarios de abogado en el caso de reclamación judicial siempre que dicha reclamación surja de algún acto nuestro, perjudicial a nuestro acreedor, al dejar de cumplir las condiciones de este documento.

"Al fiel cumplimiento de esta obligación, además de las mercancías a que hacemos mención arriba, comprometemos a favor de

nuestro acreedor nuestros bienes habidos y por haber y especialmente ponemos en garantía de nuestro acreedor el siguiente inmueble:

\*          \*          \*          \*          \*          \*          \*

"Se entiende al hablar de mercancías en este documento una existencia de carbón vegetal que poseo y al tasar dicha existencia a fin de determinar si hay cantidad suficiente para cubrir el importe de la deuda debe hacerse la tasación de acuerdo con el precio de costo de dicho carbón."

El demandante alega que de acuerdo con dicha obligación los demandados satisficieron tres plazos semanales de cien dollars cada uno y después, no pudiendo continuar con el pago de la cantidad de cien dollars, abonaron siete plazos de cincuenta dollars, cuyas cantidades así pagadas ascienden a la suma de seiscientos cincuenta dollars, quedando adeudar al demandante un remanente líquido de mil cincuenta dollars; que los demandados, después que dejaron de efectuar el pago total de cien dollars, nunca justificaron estar en posesión de mercancías en cantidad suficiente para responder del remanente de la deuda; que dichos demandados no han satisfecho en todo ni en parte los plazos correspondientes a los vencimientos de 30 de mayo, 6, 13 y 20 de junio de 1921, a pesar de haber sido requeridos por el demandante a ese fin, y que inspeccionadas por el demandante las mercancías que estaban en posesión de los demandados, no existía cantidad suficiente para responder de los plazos adeudados y el remanente de la deuda.

Los demandados contestaron la demanda admitiendo que habían suscrito la obligación mencionada, negaron los demás hechos de la demanda y como materia de defensa alegaron que habían abonado tres plazos de cien dollars, ocho plazos de cincuenta dollars cada uno y que habían entregado además a su acreedor un reloj y leontina de oro valorados en cien dollars, quedando a deber solamente novecientos dollars, y que siempre han estado en posesión de bienes suficientes para garantizar la suma adeudada. En la misma contesta-

ción se alega además que la demanda no aduce hechos sufi-
cientes para determinar una causa de acción. .

La corte inferior declaró con lugar la demanda, y los de-
mandados, no conformes con la sentencia, han interpuesto la
presente apelación.

Los apelantes. señalan como errores: la desestimación de
la excepción de falta de causa de acción, y la apreciación
equivocada de la prueba por la corte inferior.

Examinaremos los errores en el orden indicado.

Los términos de la obligación que se inserta en la de-
manda y el hecho de que los demandados no han satisfecho
en todo ni en parte ninguno de los plazos semanales corres-
pondientes a los vencimientos de 30 de mayo, 6, 13 y 20 de
junio de 1921, y que han rehusado el pago de esos plazos a
pesar de ser requeridos, son alegaciones que hacen suficiente
la demanda para determinar una buena causa de acción, por
lo menos en cuanto a los plazos vencidos y no pagados.

Asimismo las alegaciones 4ª. y 5ª. de la demanda deben
entenderse en armonía con las condiciones pactadas en la
obligación.   Una de esas condiciones es que si por cualquier
circunstancia no pudiesen los demandados pagar la suma
total de cien dollars, entonces abonarían la cantidad que
pudiesen, siempre que justificaran con la posesión de mer-
cancías una cantidad suficiente para responder del plazo adeu-
dado más el remanente de la deuda; y lo que alega el de-
mandante, como cuestión de hecho, es la negativa de haberse
cumplido por los demandados con aquella condición, la que
en tal forma alegada es suficiente para sostener la demanda.
Por otra parte, como las alegaciones de la demanda han de
admitirse como ciertas, a los efectos de la excepción presen-
tada, los apelantes no pueden aislar determinadas alega-
ciones, rechazarlas y suponer su eliminación para sostener
que el resto de la demanda es insuficiente; porque la elimi-
nación de alegaciones es cuestión que debe suscitarse en la

corte inferior y no puede levantarse por primera vez en apelación.

El segundo error señalado se refiere a la apreciación de la prueba.

El contrato celebrado en este caso por las partes consistió en un préstamo que hacía el demandante a los demandados, mediante ciertas garantías. Los demandados se dedicaban a la compraventa de carbón vegetal y sujetaron a la responsabilidad de la deuda que contrajeron, las existencias de su negocio. La mercancía aumentaba o disminuía cada semana, según el tráfico, y de ahí se hizo depender principalmente no sólo la cantidad que debía pagarse en cada plazo sino también el vencimiento de la obligación. Los pagos para extinguir la deuda debían hacerse cada semana. La prueba demuestra que los demandados realizaron primeramente tres pagos de cien dollars, después siete de cincuenta dollars, y por último, no hicieron pago de cantidad alguna. Según el convenio, la obligación de los demandados era satisfacer al demandante la suma de cien dollars semanales hasta dejar extinguida totalmente la deuda. Se previó el caso de si por cualquier circunstancia no pudieran pagar la suma de los plazos en la cantidad que fueran fijados, quedaban autorizados para hacer pagos inferiores, siempre que dichos demandados justificaran tener en su posesión mercancías suficientes para responder del plazo en descubierto y más el remanente de la deuda. Pero el contrato no autorizaba a los demandados de suspender en absoluto los pagos, cualquiera que fuera la cantidad de la mercancía en posesión de los demandados.

El caso previsto en el contrato de poder hacer pagos los demandados, inferiores a cien dollars, tenía que fundarse en un motivo justo y razonable como podía considerarse el menor movimiento en las ventas por la naturaleza del mismo negocio; pero fué siempre una condición esencial del préstamo, la obligación por parte de los demandados, mantener

en su posesión determinada cantidad de carbón vegetal, cuyo valor respondiera al plazo vencido más el remanente de la deuda, de conformidad con las palabras y espíritu del con- trato. A los demandados, por tanto, correspondía justificar en cualquier momento la situación de su negocio y de que el volumen del mismo respondía siempre a la deuda flotante, y así las cosas, a ellos correspondía haber cumplido, y de- mostrar en el juicio, lo que no hicieron, esa parte del con- venio, porque sobre dichos demandados era que recaía el peso de la prueba en ese extremo. Véase el artículo 1182 del Código Civil.

Además, el hecho realizado por los demandados de sus- pender los pagos semanales sin justificar en alguna forma la solvencia de su negocio, era una presunción *juris tantum* de que por actos propios de dichos demandados había dismi- nuído la garantía que sobre su mercancía habían establecido; y en tal situación, los demandados, de acuerdo con lo pres- crito en el artículo 1096 del Código Civil, perdieron todo de- recho a utilizar los plazos que no habían vencido y el total de la deuda se hizo, como consecuencia, exigible por el de- mandante.

No está demás hacer mención de la parte de la contes- tación que refiere que entre los plazos satisfechos por los deudores figuraba la entrega al demandante de un reloj y leontina valorados en cien dollars; pero los mismos ape- lantes admiten en su alegato que ese particular no fué pro- bado por ellos.

Por las razones expuestas la sentencia de la corte infe- rior debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso- ciados Wolf, Aldrey y Hutchison.